ROTTENBERG LIPMAN RICH, P.C.

NEW JERSEY OFFICE
PARK 80 WEST, PLAZA ONE
250 PEHLE AVENUE, SUITE 101
SADDLE BROOK, NEW JERSEY 07663
TELEPHONE (201) 490-2022
TELECOPIER (201) 490-2040

THE HELMSLEY BUILDING
230 PARK AVENUE
EIGHTEENTH FLOOR
NEW YORK, NEW YORK 10169
TELEPHONE (212) 661-3080
TELECOPIER (212) 867-1914

WWW.RLRPCLAW.COM
RICHARD E. ROSBERGER
MEMBER
RROSBERGER@RLRPCLAW.COM

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/18

RECEIVED OCT 30 2018 CHAMBERS OF KIMBA M. WOOD U.S.D.J.-S.D.N.Y.

October 29, 2018

**BY ECF**

Hon. Kimba M. Wood
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
(212) 805-7900

**MEMO ENDORSED**

Re: S.A.R.L Galerie Enrico Navarra and Enrico Navarra v. Marlborough Gallery, Inc., et al., 10 Civ. 7547 (KMW) (RLE)

Dear Judge Wood:

In response to Your Honor's order dated October 1, 2018 [Dkt. 191], the parties submit this joint status letter setting forth the issues the Court must decide on remand and what further proceedings are necessary, as well as a proposed schedule for Defendants' summary judgment motion.

Defendants Marlborough Gallery, Inc. and Pierre Levai intend to move for summary judgment on the ground that Plaintiffs' claims for tortious interference and aiding and abetting such tort are barred by the statute of limitations, as previously set forth in Defendants' motion for summary judgment. Further, as also argued in Defendants' prior summary judgment motion, Defendants intend to move for summary judgment on the basis of certain assertions by Plaintiffs that Defendants believe bar Plaintiffs from establishing a necessary element of a tortious interference claim – that Chu Teh-Chun ("Chu") breached the Production Agreement at issue. With respect to other grounds for dismissal asserted in Defendants' previous summary judgment motion, Defendants are still reviewing the status of and issues relating to proceedings in France to determine whether to seek dismissal based on collateral estoppel, the Noerr-Pennington Doctrine, and other grounds arising from the lawsuits in France between Plaintiffs and Chu. Plaintiffs maintain that none of Defendants' proposed grounds for summary judgment has merit.

The parties propose the following schedule for summary judgment briefing: Defendants will serve their summary judgment papers on or before December 18, 2018; Plaintiffs will serve their responsive papers on or before February 20, 2019; and Defendants will serve their reply papers on or before March 20, 2019.

Beyond summary judgment, Plaintiffs are also investigating and considering certain matters that they believe may warrant additional applications to the Court, including, for example, a possible motion for sanctions mentioned in footnote 5 of the Second Circuit's recent

ROTTENBERG LIPMAN RICH, P.C.

Hon. Kimba M. Wood

October 29, 2018
Page 2

summary order. The parties are discussing certain of these matters to determine whether any of them can be resolved among themselves, without the assistance of the Court.

Finally, pursuant to the Court's order [Dkt. 121] dated and filed October 20, 2015, the Court ordered that certain damages-related discovery, including the deposition of experts on the damages issues, and document discovery, as well as any motions relating to damages, would be deferred until after a decision was rendered on Defendants' summary judgment motion. In order to take such damages discovery and pursue such motions, the parties requested, and the Court granted, that if Defendants' summary judgment motion were denied the case would be trial ready within 90 days (rather than 30 days, as required pursuant to an earlier order).

Respectfully,

Richard E. Rosberger

Wallison and Wallison LLP

By: /s
Jeremy Wallison, Esq.

> On further review of the Second Circuit Court of Appeals' Mandate in this case, the Court notes the Mandate's reference to reviewing the basis for supplemental jurisdiction, considering, inter alia, comity. For reasons of respect for comity, this Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. The Clerk of Court is ordered to close this case. Any pending motions are moot.

10-31-18
SO ORDERED, N.Y., N.Y.

KIMBA M. WOOD
U.S.D.J.